IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **BILLY BUCK ROSCOE,** ) <br> 5856 Glenway Avenue ) <br> Cincinnati, OH 45238 ) <br> ) <br> and ) <br> ) <br> **BILLY BUCK ROSCOE WORLD** ) <br> **ENTERPRISES LTD.** ) <br> 5856 Glenway Avenue ) <br> Cincinnati, OH 45238 ) <br> ) <br> Plaintiffs ) <br> vs. ) <br> ) <br> **BILLY CHRISTOPHER BENSON** ) <br> 528 Bellevue Avenue ) <br> Bowling Green, KY 42101 ) <br> ) <br> **JOHN JACOB YORK** ) <br> 157 Cynthia Lynn Drive ) <br> Bowling Green, KY 42103 ) <br> ) <br> **TYLER BLAKE WEBSTER** ) <br> 5204 Edmondson Pike ) <br> Apt 3118 ) <br> Nashville, TN 37211-5160 ) <br> ) <br> **RAGING PATRIOTS, LLC** ) <br> 5204 Edmondson Pike ) <br> Apt 3118 ) <br> Nashville, TN 37211-5160 ) <br> ) <br> Also Serve: ) <br> ) <br> **RAGING PATRIOTS, LLC** ) <br> c/o Tyler Webster ) <br> Registered Agent ) <br> 5204 Edmondson Pike ) <br> Apt 3118 ) <br> Nashville, TN 37211-5160 ) | CASE NO. <br><br> **Judge** <br><br><br><br><br> **COMPLAINT** <br><br><br><br> **JURY DEMAND ENDORSED** <br> **HEREON** |

|  |  |
|---|---|
| **TAYLOR YORK** <br> 157 Cynthia Lynn Drive <br> Bowling Green, KY 42103 <br><br> **GABRIELA BENSON** <br> 528 Bellevue Avenue <br> Bowling Green, KY 42101 <br><br> **GREATER HALF, LLC** <br> **192 Thompson Heights Ct.** <br> **Bowling Green, KY 42101** <br><br> **Also Serve:** <br><br> **GREATER HALF, LLC** <br> **c/o KB Corporate Services, Inc.** <br> **Registered Agent** <br> 1025 State Street <br> Bowling Green, KY 42101 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Now comes Billy Buck Roscoe ("Roscoe") and Billy Buck Roscoe World Enterprises, Ltd. ("World Enterprises"), by and through its undersigned counsel, files this complaint against Defendants and hereby states as follows:

## I. **INTRODUCTION**

The claim of Roscoe, on his own behalf and on behalf of World Enterprises, against Defendants involves the fraudulent conversion of funds and taking of property by Billy Christopher Benson ("Benson), John Jacob York ("York"), Tyler Blake Webster ("Webster"),

2

Taylor York, and Gabriela Benson (when referred to collectively "Defendants") for their own benefit that properly belongs to all members of RPL ("RPL"). It also involves the usurpation of various corporate opportunities by Benson, York, Webster, and Greater Half, LLC to the detriment of RPL, Roscoe, and World Enterprises. Accordingly, Roscoe, on his own behalf, and on behalf of World Enterprises, asserts the following claims against Defendants.

## II. JURISDICTION AND VENUE

1. Plaintiffs bring their complaint under federal diversity jurisdiction 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

2. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because Roscoe and World Enterprises reside within the District, RPL regularly conducts business in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. STATEMENT OF FACTS

3. RPL is a Tennessee limited liability company that primarily operates a website that consists of, but not limited to, blog posts and the sale of apparel and party products.

4. World Enterprises is an Ohio limited liability company.

5. In approximately January 2018, World Enterprises, entered into a Memorandum of Understanding ("Memo") (Exhibit A) with the then current members of RPL, namely,

Benson, York, and Webster. Benson, York and Webster are collectively referred to as ("BY&W").

6. Under the Memo World Enterprises would contribute $6,000.00 to RPL in exchange for a 40% membership interest in RPL.

7. After the execution of the Memo, World Enterprises paid the $6,000.00 to RPL per the terms of the Memo.

8. To date there has been no known Operating Agreement formalized with World Enterprises as a 40% member of RPL.

9. According to the terms of the Memo, each Member had roles to perform. World Enterprises was to promote RPL with its established social media presence. Since the execution of the Memo, World Enterprises has promoted the RPL site according to the terms of the Memo and sales have increased.

10. RPL has used the name and likeness of Roscoe and World Enterprises to advertise and sell the merchandise on its website, www.ragingpatriots.com ("Exhibit B").

11. Although World Enterprises has made numerous requests for the profits entitled to it under its 40% member interest, World Enterprises has not received its share of the profits from RPL.

12. Instead of sharing profits according to the terms of the Memo, RPL members BY&W have engaged in practices of syphoning off the profits of RPL through payments to family members and alter ego companies. World Enterprises is entitled to recoup the amounts it is entitled which were unlawfully and fraudulently converted by Defendants for their own benefit.

13. RPL has made unapproved payments to family members, namely Taylor York and Gabriela Benson.

14. RPL members, BY&W, have operated an alter ego entity, Greater Half, LLC ("GHL").

15. GHL is a Kentucky limited liability company.

16. RPL has paid excessive fees to GHL for the warehousing of merchandise and other unknown charges, breaching fiduciary duties to RPL members, including World Enterprises.

17. RPL and GHL are engaging in practices resulting in substantial legal and financial risk to RPL and World Enterprises by breaching 19 U.S.C. 1304. Namely, importing goods from foreign countries without country of origin markings and/or removing country of origin markings on goods imported to the United States that RPL sells through its website. This fraudulent act knowingly exposes RPL and its members to serious potential liability to the United States Customs and Border Protection.

### IV. PLAINTIFFS' CAUSES OF ACTION

#### COUNT ONE
**(Breach of Contract)**

18. Plaintiffs hereby reallege the allegations in paragraphs 1 through 17 of the Complaint as if fully rewritten herein.

19. The Memo signed by Roscoe, World Enterprises, and BY&W, memorializes a

number of promises that have been broken by the Defendants. Specifically, the Memo states the following:

> 2. World Enterprises shall contribute $6,000.00 to the Company in exchange for 40% Membership Interest in the Company.
>
> 5. The Parties shall draft and execute an Operating Agreement for the Company in accordance with Kentucky law and mutually agreeable to the Parties.
>
> 8. The Parties agree to share in the assets, profits and losses of the Company in proportion to each Party's Membership Interest percentage in the Company.
>
> 9. The Parties agree to work together in good faith and to take such actions as are reasonably necessary as soon as is reasonably possible to accomplish the actions set forth in this Memorandum.

(Exhibit A).

20. Although, World Enterprises promptly completed its obligation of contributing $6,000 to RPL, BY&W have repeatedly breached the Memo by failing to fulfill their obligations.

21. BY&W breached their promises when they failed to (a) assign World Enterprises its 40% membership interest, (b) establish a new operating agreement with the inclusion of World Enterprises, and (c) when it failed to share the profits made by RPL.

22. BY&W's breach is in bad faith.

23. As a direct and proximate result of BY&W's actions, Plaintiffs have sustained damages in excess of $75,000, in addition to attorney fees for the bad faith breach of contract.

## COUNT TWO

### (Breach of Duty of Good Faith and Fair Dealing)

24. Plaintiffs hereby reallege the allegations in paragraphs 1 through 23 of the Complaint as if fully rewritten herein.

25. Under Tennessee Code 48-249-403(d), a limited liability company, like a partnership, involves a fiduciary relationship. That relationship imposes on the members a duty to exercise the utmost good faith and fair dealings in all dealings and transactions related to the company. Specifically, the statute states the following:

> A member shall discharge the member's duties to a member-managed LLC and its other members and holders of financial rights under this chapter or under the LLC documents, and shall exercise any rights with respect to the LLC consistently with the obligation of good faith and fair dealing.

26. BY&W have breached their fiduciary duties to exercise the utmost good faith and fair dealing in their dealings with World Enterprises. These actions include, but are not limited to, (a) converting funds paid by World Enterprises for its interest in RPL to BY&W for their benefit, (b) fraudulently making unauthorized payments to spouses of Benson and York, namely, Taylor York and Gabriela Benson, and (c) usurping LLC opportunities by using GHL, their alter ego LLC, to siphon off revenue by converting RPL assets to BY&W to the exclusion of World Enterprises.

27. BY&W's conduct was taken in wanton disregard of the legal and statutory rights of Roscoe and World Enterprises, in bad faith, and maliciously, which entitles Plaintiffs to an award of compensatory damages, punitive damages and reasonable attorney's fees.

## COUNT THREE

### (Breach of Duty of Loyalty)

28. Plaintiffs hereby reallege the allegations in paragraphs 1 through 27 of the Complaint as if fully rewritten herein.

29. Tennessee Code 48-249-403(b) defines the fiduciary duty of loyalty a member owes including discharging duties to the limited liability company and the other members consistent with an obligation of good faith and fair dealing. Tennessee Code 48-249-403(b)(1) requires all members to account for any profit or benefit derived to him for the use of LLC property or the appropriation of LLC company business opportunities. Tennessee Code 48-249-403(b)(3) prohibits members from competing or dealing with the LLC in an adverse manner.

30. BY&W violated Tennessee Code 48-249-403(b) by (a) converting funds paid by World Enterprises for its interest in RPL to BY&W for their benefit, (b) fraudulently making unauthorized payments to spouses of BY&W, namely Taylor York and Gabriela Benson, and (c) usurping LLC opportunities by using GHL, their alter ego LLC, to siphon off revenue by converting RPL assets to BY&W to the exclusion of World Enterprises.

31. As a result of BY&W's breach of duty of loyalty, Plaintiffs are entitled to damages in an amount in excess of $75,000, including punitive damages and reasonable attorney's fees.

## COUNT FOUR

### (Breach of Duty of Care)

32. Plaintiffs hereby reallege the allegations in paragraphs 1 through 31 of the

Complaint as if fully rewritten herein.

33. Tennessee Code 48-249-403(c) defines the fiduciary duty of care a member owes to include refraining from engaging in grossly negligent or reckless conduct, intentional misconduct or a knowing violation of law.

34. BY&W violated Tennessee Code 48-249-403(c) by knowingly and systematically violating 19 U.S.C. 1304 through the importation of unidentified goods and/or the removal of country of origin markings on goods imported to the United States that RPL sells through its website.

35. As a result, BY&W have exposed Plaintiffs to potential criminal and/or civil liability.

36. As a result of BY&W's statutory violations, Plaintiffs are entitled to damages in an amount in excess of $75,000, including punitive damages and reasonable attorney's fees.

## COUNT FIVE

### (Conversion by BY&W)

37. Plaintiffs hereby reallege the allegations in paragraphs 1 through 36 of the Complaint as if fully rewritten herein.

38. In January 2018 World Enterprises paid $6,000 to BY&W for the purpose of acquiring a 40% membership interest in RPL, per the Memo.

39. BY&W never assigned the 40% membership interest but instead wrongfully exercised dominion and control over these funds which was inconsistent with the purpose for which the funds were provided. BY&W converted these funds and World Enterprises' 40%

9

membership interest for their own benefit.

40. BY&W's actions constitute the tort of conversion.

41. As a result, Plaintiffs are entitled to damages in an amount in excess of $75,000, including punitive damages and reasonable attorney's fees.

## COUNT SIX

### (Conversion by Taylor York and Gabriela Benson)

42. Plaintiffs hereby reallege the allegations in paragraphs 1 through 41 of the Complaint as if fully rewritten herein.

43. In January 2018 World Enterprises paid $6,000 to BY&W for the purpose of acquiring a 40% membership interest in RPL, per the Memo.

44. BY&W never assigned the 40% membership interest but instead wrongfully exercised dominion and control over these funds which was inconsistent with the purpose for which the funds were provided. BY&W converted these funds and World Enterprises' membership interest for their own benefit.

45. BY&W's used these funds and other RPL Assets to make unauthorized payments to York's wife, Taylor York, and to Benson's wife, Gabriela Benson. Taylor York and Gabriella Benson knowingly accepted these unauthorized payments.

46. These actions constitute the tort of conversion on the part of Taylor York and Gabriela Benson.

47. As a result of Taylor York and Gabriela Benson's actions, Plaintiffs are entitled to compensatory and punitive damages in an amount in excess of $25,000, including reasonable

attorney's fees.

## COUNT SEVEN

### (Fraud)

48. Plaintiffs hereby reallege the allegations in paragraphs 1 through 47 of the Complaint as if fully rewritten herein.

49. Between 2017 and through 2018 BY&W made several knowing misrepresentations or omissions to Plaintiffs. These included the following statements:

> (A) That the money paid by World Enterprises to BY&W would be used for the purchase of World Enterprises' 40% membership interest in RPL.
>
> (B) That a new operating agreement for RPL would be created with the inclusion of World Enterprises as a member.

50. BY&W's representations were material to the business arrangement and transactions between BY&W and World Enterprises.

51. BY&W made the statements falsely, knowingly and recklessly with the intention of misleading Plaintiffs to pay funds to BY&W, and to enter into a business relationship with them.

52. Plaintiffs relied on the representations by paying monies to BY&W and continuing their business relationship with BY&W.

53. Plaintiffs have been damaged in an amount not less than $75,000. In addition, BY&W actions were unlawful, malicious, and in wanton disregard of Plaintiffs' legal rights, thus entitling Plaintiffs to punitive damages, and reasonably attorney's fees.

## COUNT EIGHT

### (Cause of Action For A Constructive Trust as Between RPL and World Enterprises)

54. Plaintiffs hereby reallege the allegations in paragraphs 1 through 53 of the Complaint as if fully rewritten herein.

55. A constructive trust may be imposed against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment or questionable means, has obtained an interest in property which he ought not in equity or in good conscience retain.

56. The duty to convey property arises because it was acquired through fraud, duress, undue influence, or through a breach of fiduciary duty. The basis of the constructive trust is the unjust enrichment which would result if the person having the property were permitted to retain it.

57. BY&W have received funds through RPL from World Enterprises in order to acquire a membership interest that was never conveyed.

58. BY&W and RPL continue to profit from the name and likeness of Roscoe which they are not entitled due to the unlawful conduct described herein.

59. Plaintiffs request a constructive trust be ordered against RPL and that the payment of all revenue RPL receives from its business activities be placed in trust until such time as the Court decides the validity of the claims asserted by Plaintiffs against Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

60. Compensatory damages in an amount in excess of $75,000.00 exclusive of interest and costs.

61. Punitive damages in an amount to be determined at trial.

62. A preliminary and permanent injunction requiring all Defendants from using any likeness of Roscoe or World Enterprises.

63. An Order dissolving RPL as an entity due to the unlawful conduct described herein.

64. An Order dissolving Greater Half, LLC as an entity due to the unlawful conduct described herein.

65. Order a full accounting of RPL's finances including, but not limited to, payments received from World Enterprises and payments made to Taylor York, Gabriela Benson, any other family member of BY&W, and Greater Half, LLC.

66. Order a constructive trust against RPL and further order all revenue of RPL be held in Trust until apportionment by the Court.

67. Reasonable attorney's fees, cost and disbursements.

68. All other legal and equitable relief as the Court deems just and proper.

/s/    Douglas M. Morehart
DOUGLAS M. MOREHART (38668)
 Trial Attorney for Plaintiffs
HAVERKAMP RIEHL & MICHEL CO. LPA
5856 Glenway Avenue
Cincinnati, OH 45238
(513) 922-3200
dmorehart@hrm-law.com

/s/    Timothy A. Michel
Timothy A. Michel (40446)
HAVERKAMP, RIEHL & MICHEL CO., LPA
5856 Glenway Avenue
Cincinnati, Ohio  45238
 (513) 922-3200
 tmichel@hrm-law.com

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/   Douglas M. Morehart
Douglas M. Morehart (38668)
HAVERKAMP, RIEHL & MICHEL CO., LPA
 Trial Attorney for Plaintiffs